RICHARD R. PATCH (State Bar No. 88049)
GREGG M. FICKS (State Bar No. 148093)
CLINTON L. TODD (State Bar No. 218670)
COBLENTZ, PATCH, DUFFY & BASS LLP
One Ferry Building, Suite 200
San Francisco, California 94111-4213
Telephone: (415) 391-4800
Facsimile: (415) 989-1663
Email:   ef-rrp@cpdb.com
         ef-gmf@cpdb.com
         ef-clt@cpdb.com

Attorneys for Plaintiff and Cross-Defendants
RAFAEL TOWN CENTER INVESTORS

### UNITED STATES DISTRICT COURT

### NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| RAFAEL TOWN CENTER INVESTORS, LLC, a Delaware Limited Liability Company,<br><br>Plaintiff,<br><br>v.<br><br>THE WEITZ COMPANY, LLC, a Limited Liability Company and successor to THE WEITZ COMPANY, INC., an Iowa Corporation; and DOES 1 through 50, inclusive,<br><br>Defendants.<br><br>AND RELATED COUNTER-CLAIMS | Case No. C 06 6633 SI<br><br>**STIPULATED [PROPOSED] PROTECTIVE ORDER** |

04846.027.569668v1

**STIPULATED [PROPOSED] PROTECTIVE ORDER**

Case No. C 06 6633 SI

Case 3:06-cv-06633-SI Document 25 Filed 03/20/2007 Page 2 of 11

Good cause appearing therefore, the Parties and their respective counsel shall follow the procedures set forth below.

1. <u>Definitions</u>. When used in this Protective Order ("Protective Order"), the words set forth below shall have the following meanings:

    a. "Documents" includes, but is not limited to, all papers, photographs, films, recordings, memoranda, books, records, accounts, communications and all retrievable information in computer storage, including that which has been Disclosed in discovery in this Litigation by any person or entity, whether pursuant to formal discovery requests or by agreement.

    b. "Discovery Materials" means (i) Documents; (ii) deposition testimony taken in this action, exhibits thereto, and transcripts thereof, whether in writing or on audiotape, videotape or computer disk; (iii) answers to interrogatories, responses to requests to admit, and responses to requests for documents served or filed in this Litigation; and (iv) any other discovery materials Disclosed either by a party or non-party.

    c. "Disclose" or "Disclosure" means to produce, reveal, divulge, give, or make available Discovery Materials, or any part thereof, or any information contained therein.

    d. "Confidential Information" means any Discovery Materials designated as "Confidential" pursuant to Paragraphs 3, 4, 5, or 6 below.

    e. "Producing Party" means the person or entity Disclosing Discovery Materials, its affiliates, and persons and/or entities who are non-parties to this Litigation.

    f. "Non-Producing Party" means any Party other than the Producing Party.

    g. "Litigation" means the case entitled Rafael Town Center Investors, LLC, a Delaware Limited Liability Company v. The Weitz Company, LLC, a Limited Liability Company and successor to The Weitz Company, an Iowa Corporation, United States District Court, Northern District of California Case No. C 06 6633 SI and all subsequent appeals and retrials.

    h. "Party," as used alone and not pursuant to 1(e) or 1(f) above, means Rafael Town Center Investors, LLC, including its affiliates, officers, directors, agents and employees, and the The Weitz Company, LLC, including its affiliates, officers, directors, agents and employees.

COBLENTZ, PATCH, DUFFY & BASS LLP
ONE FERRY BUILDING, SUITE 200, SAN FRANCISCO, CALIFORNIA 94111-4213
415.391.4800 · FAX 415.989.1663

1       i.      "Signatory" means any person or entity who signs Exhibit A to this Protective Order.

2.      <u>Use of Discovery Materials and Confidential Information</u>.  Discovery Materials shall be used solely for the purpose of this Litigation.  Except by order of the Court, Discovery Materials shall not be used by any Party or non-party, other than the Producing Party, for any other purpose, including, without limitation, any business or commercial purpose.  Confidential Information shall be used only for the purpose of this Litigation, and may be disclosed only as provided in Paragraph 8 below.

3.      <u>Confidential Information</u>.  Any Producing Party may designate any Discovery Materials "Confidential" if such Producing Party reasonably and in good faith believes that such Discovery Materials contain (a) trade secret information, as that term has been defined under the applicable statutes and case law, or: (b) other proprietary information that would ordinarily be protected from disclosure as confidential under California law, including information involving confidential matters related to the business operations of a Producing or Non-Producing Party of which: public revelation of these matters would interfere with a Producing or Non-Producing Party's ability to effectively compete in the marketplace; if made available to the public, there is a substantial probability that revelation of the Discovery Materials would prejudice the foregoing legitimate interests of a Producing or Non-Producing Party; that the designation is narrowly tailored; and, other than designating the materials "Confidential," no less restrictive means exist to protect a Producing or Non-Producing Party's legitimate proprietary interest.  "Confidential" Discovery Materials may include, without limitation, any budgets, operating methods or procedures, financial models, rent models, bids, contracts with third parties, compensation structures, and/or financial results.  Discovery Materials designated as "Confidential" shall not be Disclosed to any person or entity except in accordance with the terms, conditions, and restrictions of this Protective Order, as further detailed in Paragraph 7(b) below.

4.      <u>"Confidential" Information Produced By Another Person</u>.  During the first thirty (30) business days after Disclosure, all Disclosed Discovery Materials shall be treated as

"Confidential," pending consideration by the Non-Producing Parties whether to designate such materials as "Confidential" pursuant to Paragraph 6(b) below. Any Non-Producing Party may designate any Discovery Materials as "Confidential" if such Non-Producing Party in good faith believes that such Discovery Materials contain confidential, proprietary or commercially sensitive information.

5. <u>Procedure for Designating Written Discovery Materials "Confidential."</u> To designate Discovery Materials as "Confidential," the designating Party shall use the following procedures:

a. To designate Discovery Materials as "Confidential," a Producing Party shall, in the case of a document, mark each page of such document with the legend "CONFIDENTIAL"; shall, in the case of a response to an interrogatory or request to admit state such legend in the text of the designated response and shall state on the caption or face page of such response that "THIS DOCUMENT CONTAINS MATERIALS DESIGNATED CONFIDENTIAL"; or shall, in the case of deposition testimony, use the procedures provided in Paragraph 7 below.

b. To designate Discovery Materials as "Confidential," a Non-Producing Party must designate such materials as "Confidential" in writing to counsel of record for all Parties and to the Producing Party, within thirty (30) business days of the Disclosure of the Discovery Materials. Such writing shall, in the case of documents produced in discovery, identify by Bates number the materials to be designated as "Confidential"; and shall, in the case of a response to an interrogatory or request to admit, identify the response document by title and the specific response to be designated.

6. <u>Procedure for Designating Deposition Testimony.</u> With respect to deposition testimony, counsel for any Party or Signatory shall designate that portion of the testimony relating to Confidential Information at the time it is given, by so stating on the record. When testimony is designated during a deposition, any person attending the deposition who is not among those to whom Confidential Information may be Disclosed under the terms of this Protective Order shall

leave the deposition room during the designated testimony. If deposition testimony is designated as Confidential Information, the court reporter shall mark each page of the transcript containing Confidential Information with the legend "CONFIDENTIAL" as per the designation stated on the record.

7. <u>Disclosure of Confidential Information</u>. Confidential Information may be Disclosed to the following persons:

    a. Experts and consultants not in the regular employ of any of the Parties who are retained or consulted by counsel of record for any Party concerning the Preparation and trial of this Litigation, and the employees of any such expert or consultant who are assisting in the work for which the expert or consultant is engaged, provided that said experts or consultants execute a copy of the Affidavit attached hereto as Exhibit A;

    b. Counsel of record for any Party;

    c. Paralegal, secretarial, and clerical employees of counsel of record for any Party who are assisting Counsel, Court Reporters or other persons involved in recording or transcribing testimony in this Litigation, and the Court or any persons employed by the Court whose duties require access to any Confidential Information filed in connection with this Litigation, as set forth in Paragraph 10 below;

    d. Copy or data management services retained to handle or reproduce Confidential Information in the Litigation;

    e. Any witness or any person who in good faith may be considered a potential witness in this Litigation, provided that said witness or potential witness executes a copy of the Affidavit attached hereto as Exhibit A;

    f. The Party who has sought discovery of the Confidential Information, and its partners, directors, officers, employees, and insurers, provided that the Party and its partners, directors, officers, employees, and insurers to whom the Confidential Information is Disclosed have executed copies of the Affidavit attached hereto as Exhibit A.

8. <u>Treatment of Confidential Information</u>. A person or entity to whom Confidential

Information is Disclosed: (i) shall protect its confidential nature both during the pendency of this Litigation and after its conclusion by final judgment or settlement; (ii) shall never Disclose any Confidential Information to any person other than the persons to whom Disclosure is permitted by this Protective Order; (iii) shall never use any Confidential Information for the benefit of himself or herself, a Non-Producing Party, or anyone else, except for the purpose of this Litigation; and (iv) shall maintain Confidential Information in a secure place where unauthorized Disclosure cannot reasonably be expected to occur. The Parties shall provide each sworn Affidavit executed by such persons to the Court upon its direction. Counsel of record in this Litigation are responsible for employing reasonable measures to control, consistent with this Protective Order, duplication of, access to, and distribution of the Confidential Information.

9. <u>Motions to Seal Confidential Information Filed With the Court</u>. This Protective Order shall not preclude the Disclosure of Confidential Information to the Court having jurisdiction over the Litigation, including the trier of fact at the time of trial or court hearing in this action. To the extent that any Confidential Information is filed or otherwise presented in Court, the Party offering the Confidential Information shall place such materials provisionally under seal and shall notify the Party which designated such Confidential Information that the Confidential Information has been filed or otherwise presented in Court. The designating Party may, at its own option, move for the filed Confidential Information to be sealed. Upon such motion the Court, in exercise of its sound discretion, shall order that the Confidential Information be filed under seal upon good cause shown. If no such motion to seal is filed by the designating Party, or if such motion is denied, the provisional seal shall be lifted. This Protective Order shall not preclude or otherwise affect the offering or receipt of, or objections to, evidence at trial.

10. <u>Disposition of Confidential Information After Termination</u>. Upon the final termination of this Litigation in any manner, including, but not limited to, a final judgment or settlement, or, in the case of an appeal, the date when all appeals are resolved, each Party and each Signatory shall ensure that all Discovery Materials containing Confidential Information provided by a Producing Party to a Non-Producing Party, including notes, summaries, extracts or other

1  memoranda or writings regarding the contents of any and all Confidential Information, shall be
2  promptly destroyed or returned to the Producing Party, provided, however, that this obligation
3  shall not extend to Confidential Information included in conformed copies of materials filed with
4  the Court. Each Party and each Signatory shall confirm such destruction or disposition in writing
5  within thirty (30) days after termination of the Litigation.

6    11.  **No Waiver/No Admission.** The failure of a Producing Party to designate any
7  Discovery Material as Confidential Information does not constitute a waiver of such claim. A
8  Producing Party may designate Discovery Material as Confidential Information after the
9  Discovery Material has been Disclosed, with the effect that such Discovery Material is subject to
10 the protections of this Protective Order on and after the date of its designation as Confidential
11 Information. Moreover, complying with the terms of this Protective Order and/or Disclosing or
12 receiving Confidential Information shall not:

13    a.  Operate as an admission that any Confidential Information contains or
14 reflects trade secrets or any other type of confidential information;

15    b.  Prejudice in any way the rights of a Party or Signatory to object to any
16 discovery request or subpoena; or

17    c.  Prejudice in any way the rights of a Party or Signatory to seek a
18 determination by the Court whether any Confidential Information has been properly designated
19 and should be subject to the terms of this Protective Order.

20   12.  **Procedure to Challenge "Confidentiality" Designation.** A Party receiving
21 documents marked "Confidential" may object to the confidentiality designations at any time prior
22 to thirty (30) days before trial. A period of twenty (20) days will follow thereafter during which
23 time the Parties must "meet and confer" and attempt to resolve the objection and/or objections. If
24 the "meet and confer" process fails to produce agreement on whether or not the documents were
25 appropriately designated "Confidential," the Party seeking confidentiality must then seek an order
26 from the Court regarding the appropriateness of the confidentiality designation, during which time
27 the Discovery Materials will remain "Confidential." Any application to the Court seeking to
28

1  preserve a Party's designation of "Confidential" documents must be filed and served within twenty
2  (20) days from the expiration of the "meet and confer" period and must be diligently pursued, or
3  the application will be denied as untimely. The Party asserting confidentiality will bear the burden
4  to show that the documents or other information fall within the definition of "Confidential." The
5  Court, if called upon to determine the appropriateness of a confidentiality designation, may be
6  guided by standards for sealing court records as set forth in California Rule of Court 2.550 and
7  judicial interpretations of that rule, as well as other applicable law, including that concerning trade
8  secrets, proprietary and other private or confidential information.

9    13.    <u>Modification of This Protective Order</u>. This Protective Order shall continue to be
10 binding after the conclusion of this Litigation, except that a Party or Signatory may seek a
11 stipulation by all parties hereto or an order of the Court with respect to dissolution or modification
12 of this Protective Order. The Court shall retain jurisdiction to enforce or modify this Protective
13 Order.

14    14.    <u>Compelled Disclosure of Confidential Information</u>. In the event any Party or
15 Signatory is served with a subpoena or request for production of Confidential Information, the
16 Party or Signatory shall give sufficient notice to the Producing Party to allow the Producing Party
17 a reasonable opportunity to intervene to oppose such production. In no event shall a Party or
18 Signatory Disclose Confidential Information in response to a subpoena or other discovery request
19 unless and until the Party or Signatory has: (i) received written authorization from counsel for the
20 Producing Party to Disclose the Confidential Information; or (ii) been ordered to do so by a court
21 of competent jurisdiction.

22    15.    Nothing in this Protective Order shall prevent any party from disclosing its own
23 Confidential Information as it deems appropriate.

24 **SO STIPULATED:**

04846.027.569668v1    7    Case No. C 06 6633 SI
**STIPULATED [PROPOSED] PROTECTIVE ORDER**

DATED: March 6, 2007

COBLENTZ, PATCH, DUFFY & BASS LLP

By: /s/ Richard R. Patch
Richard R. Patch
Attorneys for Plaintiff and Cross-Defendants
RAFAEL TOWN CENTER INVESTORS

SEYFARTH SHAW LLP

By: _____
Michael T. McKeeman
Attorneys for Defendant and Counterclaimant
THE WEITZ COMPANY, LLC

SO ORDERED.

Dated: _____, 2007

_____
United States District Court Judge

1  DATED: March ___, 2007          COBLENTZ, PATCH, DUFFY & BASS LLP

2

3                                  By: _____
                                      Richard R. Patch
4                                     Attorneys for Plaintiff and Cross-Defendants
                                      RAFAEL TOWN CENTER INVESTORS
5
                                   SEYFARTH SHAW LLP
6

7                                  By: *[signature]* _____
                                      Michael T. McKeeman
8                                     Attorneys for Defendant and Counterclaimant
                                      THE WEITZ COMPANY, LLC
9

10    SO ORDERED.

11 Dated: _____, 2007    *[signature: Susan Illston]*
                                   _____
12                                 United States District Court Judge

COBLENTZ, PATCH, DUFFY & BASS LLP
ONE FERRY BUILDING, SUITE 200, SAN FRANCISCO, CALIFORNIA 94111-4213
415.391.4800 • FAX 415.989.1663

# ATTACHMENT A

## NONDISCLOSURE STATEMENT

I, _____, declare that I have read the Stipulated Protective Order in the action entitled Rafael Town Center Investors, LLC v. The Weitz Company, LLC, Case No. C 06 6633 SI, pending in the United States District Court, Northern District of California, and hereby agree to comply with and be bound by its terms and conditions. I hereby consent to the jurisdiction of said Court for purposes of enforcing this Order.

Dated: _____   Signed: _____

04846.027.568572v1

1

Case Number CV 052764

NONDISCLOSURE STATEMENT