1

2

3

4

5                      IN THE UNITED STATES DISTRICT COURT

6                     FOR THE NORTHERN DISTRICT OF CALIFORNIA

7

8    RAFAEL TOWN CENTER INVESTORS,              No. C 06-6633 SI

9              Plaintiff,                        **ORDER DENYING MOTION TO
                                                 DISMISS FILED BY THIRD PARTY**
10      v.                                       **DEFENDANT DANIEL MACDONALD
                                                 AIA ARCHITECTS, INC.**
11   THE WEITZ COMPANY,

12             Defendant.
     _____/
13

14          Third party defendant Daniel Macdonald AIA Architects, Inc. has filed a motion to dismiss

15   which is scheduled for a hearing on June 1, 2007.  Pursuant to Civil Local Rule 7-1(b), the Court

16   determines that the matter is appropriate for resolution without oral argument, and VACATES the

17   hearing.  For the reasons set forth below, the Court DENIES the motion.

18

19                                        **BACKGROUND**

20          This litigation involves the development and construction of a commercial retail and residential

21   mixed-use construction project known as the Rafael Town Center Project ("the Project"), located at 998

22   4th Street, San Rafael, California.  Plaintiff San Rafael Town Center Investors, LLC ("RTCI") is the

23   developer of the Project and owner of the property.  Complaint ¶¶ 1, 6.  In August of 1999, RTCI hired

24   defendant The Weitz Company to be the general contractor for the Project.  *Id*. ¶ 6.  In or about 2000,

25   RTCI hired third party defendant Daniel MacDonald AIA Architects to design the Project and prepare

26   the plans and specifications for the Project.  Third Party Complaint ¶ 10.

27          The Project was beset with problems, and in 2002, "[a]s a result of . . . defective work, as well

28   as substantial delays by Weitz at the Project and payment issues related thereto, Weitz and RTCI

United States District Court
For the Northern District of California

United States District Court
For the Northern District of California

1  brought claims and counter-claims against each other in 2002 and 2003 in, *inter alia*, Marin County

2  Superior Court, Case Number CV 025497." Complaint ¶ 15.  Weitz initially sought recovery of over

3  $3 million, which it alleged RTCI owed it under the parties' contract.  *Id.* ¶ 16.  RTCI disputed the

4  amount, and cross-claimed against Weitz for multiple causes of action.  *Id.*  RTCI and Weitz eventually

5  entered mediation and reached a settlement.  *Id.*  Under the settlement, RTCI agreed to pay

6  approximately one-third of the total amount claimed by Weitz, and Weitz committed to performing and

7  completing certain work at the Project related to continuing water leakage.  *Id.* ¶ 17.

8        The settlement agreement excluded from the release certain claims that are at issue in the instant

9  lawsuit.  Specifically, the release excluded "(i) any claims by RTC arising out of or related to the

10  window leakage problems as described in the WJE Final Report; and (ii) Weitz's continuing warranty

11  obligations under the Contract, if any, for additional construction defects that are discovered after the

12  date hereof; and (iii) Weitz's obligations under the Contract for latent construction defects, as defined

13  by Code of Civil Procedure section 337.15; and (iv) Weitz's indemnity obligation, if any, under the

14  Contract with regard to the foregoing items (i), (ii), and (iii) in this paragraph."  *Id.* ¶ 18 (quoting

15  Settlement Agreement).

16        On September 22, 2006, RTCI filed this case against Weitz in Marin County Superior Court, and

17  on October 24, 2006, Weitz removed this action to this Court.  The complaint alleges that "Weitz has

18  failed and refused to complete the repairs required of it under the Window Repair Obligation [of the

19  Settlement Agreement], and has otherwise failed and refused to fulfill its warranty and repair obligations

20  subject to the Reserved Claims."  *Id.* ¶ 19.  RTCI alleges that as a result, substantial water leakage and

21  resulting property damage has occurred, and continues to occur at the Project.  *Id.* ¶ 21.

22        The complaint also alleges that in 2006 RTCI hired a firm to conduct additional testing at the

23  Project, and that as a result of this testing, RTCI learned of the following "construction, design, and/or

24  product defects, including resulting property damage, in the residential, retail, and/or office spaces at

25  the Project: (A) substantial cracking in extensive parts of the stucco finish; (B) abnormal gaps between

26  the stucco and the vinyl windows, louvers, baseboards, and/or aluminum reveals; (C) inadequately

27  installed and/or failed window sealant; inadequate metal flashings and/or flashing installation; (D) wide

28  cracks at floor bases; cracks around several items that penetrate the stucco such as louvers and canopy

2

United States District Court
For the Northern District of California

supports; (E) deteriorated paints on handrails; corroding steel rails; improper water access into building through closed doorways; (F) faulty scuppers, scupper installation, and/or unsealed scupper seams; and (G) other water damage and water stains." *Id*. ¶ 22.  The complaint further alleges that in addition to claims arising out of Weitz's breaches of the Window Repair Obligation, RTCI has discovered latent defects and/or warranty breaches resulting from Weitz's faulty workmanship and/or products, and property damage resulting therefrom.  *Id*. ¶ 25.

On March 8, 2007, Weitz filed a third party complaint against Daniel Macdonald AIA Architects, and two subcontractors on the Project, Hanson Glass & Mirror Company and Fitch Plastering Corporation of California.[1]  Weitz alleges claims for equitable indemnity and declaratory relief against all three third party defendants; professional negligence against MacDonald; and contractual indemnity against Hanson and Fitch.  Macdonald now moves to dismiss all claims, primarily on the ground that Macdonald and Weitz were not in contractual privity, and relatedly, on the ground that Macdonald did not owe a duty to Weitz.

## DISCUSSION

**1.  Professional negligence**

Weitz's complaint alleges, "[u]nder California law, a professional is liable for negligence when it owes a duty to use such skill, prudence and diligence that other members of its profession commonly possess and exercise, it breaches that duty, and the breach is the proximate or legal cause of the injury and actual loss or damage exists."  Third Party Complaint ¶ 39.  Weitz alleges that "Macdonald, a design professional, owes a duty of care to Weitz in the performance of its professional services on the Project," and that "[a]s a direct and proximate result of [Macdonald's breach of] the duty of due care, the construction of the Project was delayed and disrupted, the overall cost to construct the Project substantially increased, and alleged construction defects and defects causing or contributing to water intrusion and/or damage exist at the Project."  *Id*. ¶¶ 40, 42.

Macdonald contends that Weitz cannot bring a claim of professional negligence against

---

[1]  According to Weitz's third party complaint, Weitz had contracts with Hanson and Fitch; Hanson performed the glass and glazing work on the Project, and Fitch performed the stucco work.

3

United States District Court
For the Northern District of California

1   Macdonald because Macdonald did not owe a duty to Weitz.  To determine whether such a duty existed,

2   the Court must consider "various policy considerations and balance[] such factors as 'the extent to

3   which the transaction was intended to affect the plaintiff, the foreseeability of harm to him, the degree

4   of certainty that the plaintiff suffered injury, the closeness of the connection between the defendant's

5   conduct and the injury suffered, the moral blame attached to the defendant's conduct, and the policy of

6   preventing future harm.'"  *The Ratcliff Architects v. Vanir Construction Management*, 88 Cal. App. 4th

7   595, 605 (2001) (*quoting Biakanja v. Irving*, 49 Cal.2d 647, 650 (1958)).  At this preliminary stage of

8   the litigation, the Court cannot conclude as a matter of law that Macdonald did not owe a duty to Weitz,

9   and accordingly DENIES Macdonald's motion to dismiss this claim.  *See Wesoloh Family Limited*

10  *Partnership v. K.L. Wessel Construction Company*, 125 Cal. App. 4th 152 (2004) (emphasizing factual

11  nature of duty inquiry).[2]

12

13  **2.      Equitable indemnity**

14         Weitz's first cause of action is one for equitable indemnity against Macdonald, Hanson and

15  Fitch.  Weitz alleges that any damages incurred to date for repairs at the Project, and well as any damage

16  sustained by RTCI as alleged in RTCI's complaint, were caused in whole or in part by Macdonald,

17  Hanson and Fitch.  Third Party Complaint ¶ 22.

18         Macdonald moves to dismiss this claim on the ground that RTCI does not allege that Macdonald

19  and Weitz are joint tortfeasors.  The Court notes, however, that although RTCI does not allege any

20  claims against Macdonald, the complaint does allege that the "2006 WJE Report . . . confirmed the

21  following construction, *design*, and/or product defects . . . ."  Complaint ¶ 22 (emphasis added).  Thus,

22  although RTCI has not sued Macdonald, the complaint suggests that design defects may be the cause

23  of some of the alleged damage at the Project.

24         Macdonald also argues that Weitz cannot seek equitable indemnity against Macdonald because

25

26         [2] Macdonald also contends that this claim is barred by the two year statute of limitations because
    Weitz has known about potential claims against Macdonald since 2002, when the prior action between
27  RTCI and Weitz was filed.  However, Weitz states that its claim of professional negligence is based on
    latent defects of which it learned only after RTCI raised such defects in 2006.  If, upon development of
28  the factual record, there are facts showing that Weitz's professional negligence claim is in fact time-
    barred, Macdonald may renew the timeliness argument.

4

United States District Court
For the Northern District of California

1  Macdonald did not owe a duty to Weitz, and thus there is no underlying tort.  Macdonald relies on

2  *BFGC Architects Planners, Inc. v. Forcum/Mackey Construction, Inc.*, 119 Cal. App. 4th 848 (2004),

3  which states that in order to maintain a claim for equitable indemnity, "there must be some basis for tort

4  liability against the proposed indemnitor. . . . [g]enerally it is based on a duty owed to the underlying

5  plaintiff."  *Id.* at 852.  However, because the question of whether Macdonald owed a duty to Weitz is

6  a factual one that the Court cannot resolve at this stage of the litigation, the Court DENIES the motion

7  to dismiss this claim.[3]

8

9  **3.      Compliance with California Code of Civil Procedure § 411.35**

10          Finally, Macdonald contends that Weitz's claims must be dismissed because Weitz did not

11  comply with California Code of Civil Procedure § 411.35   That section provides that in any action

12  arising out of the professional negligence of an architect, the claimant's attorney must file a Certificate

13  of Merit stating that the attorney has consulted with an architect, and that on the basis of this

14  consultation, the attorney believes there is a "reasonable and meritorious cause for the filing of the

15  action."  Cal. Code Civ. Proc. § 411.35(b)(1).[4]

16          Macdonald contends that § 411.35 is substantive, not procedural, and that Weitz's failure to

17  comply with this requirement requires dismissal of its claims.  However, the case upon which

18  Macdonald relies, *Willis Corroon Corporation of Utah v. United Capitol Insurance Company*, 1998 WL

19  30069 (N.D. Cal. Jan. 5, 1998), is inapposite.  *Willis Corroon* did not address § 411.35, or any similar

20  state certification filing requirement, but rather whether the court should enforce a contractual

21  "standstill" agreement between the parties that required the parties to engage in non-binding mediation

22  prior to the initiation of any lawsuits.  *Id.* at *2.

23          Under the *Erie* doctrine, only substantive state law applies to state claims; if the state law is

24  purely procedural, it does not apply.  *See Crowe v. Wiltel Commc'n Sys.*, 103 F.3d 897, 899 (9th Cir.

25

26          [3]  Macdonald moves to dismiss the declaratory relief claim on the same grounds as the
27  professional negligence and equitable indemnity claims.  Accordingly, for the reasons stated *supra*, the
    Court finds that dismissal of the declaratory relief claim is not warranted.

28          [4]  The Section also sets forth exceptions to this filing requirement.

5

1996).  To determine whether a rule is procedural or substantive, it is important to examine the twin

aims of the *Erie* doctrine which are "discouragement of forum shopping and avoidance of inequitable

administration of the law."  *Hanna v. Plumer*, 380 U.S. 460 (1965).

Here, in the absence of any on-point authority, the Court concludes that § 411.35 is procedural,

not substantive, and therefore that it does not bar Weitz's claims.  Section 411.35 does not contain any

substantive elements of a professional negligence claim, nor does it limit recovery in any way. *Cf.*

*Gasperini v. Center for Humanities*, 518 U.S. 415 (1996) (noting that courts have found statutory caps

on damages and statutes of limitation to be substantive).  The Court finds this section to be somewhat

similar to state procedures for obtaining court approval prior to seeking punitive damages, which courts

have found to be procedural and not substantive.  *See Ammann v. Massey-Ferguson, LTD*, 933 F. Supp.

840 (D.S.D. 1996) (holding that a statute requiring the court to first make a finding that there was a

"reasonable basis" for the claim of punitive damages before the issue could go to the finder of fact is

procedural).

## CONCLUSION

For the foregoing reasons, the Court hereby DENIES Macdonald's motion to dismiss.  (Docket

No.37).

**IT IS SO ORDERED.**

Dated: May 31, 2007

_____

SUSAN ILLSTON
United States District Judge