IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAFAEL TOWN CENTER INVESTORS, LLC,<br><br>  Plaintiff,<br><br> v.<br><br>THE WEITZ COMPANY, LLC, et al.,<br><br>  Defendants.<br>_____/<br>AND RELATED COUNTERCLAIMS, THIRD PARTY CLAIMS AND CROSSCLAIMS.<br>_____/ | No. C 06-6633 SI<br><br>**ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION FOR DISCOVERY SANCTIONS** |

On July 27, 2007, the Court heard argument on plaintiff's motion for discovery sanctions. Having considered the arguments of counsel and the papers submitted, the Court GRANTS the motion in part and DENIES the motion in part.

**DISCUSSION**

**1.   Rule 30(b)(6) depositions**

Plaintiff seeks sanctions related to two Rule 30(b)(6) depositions. The Court finds that plaintiff has not demonstrated that monetary sanctions are warranted. However, because the witnesses were unable to provide meaningful testimony on a number of subjects, the Court finds it appropriate to allow plaintiff a total of 21 additional interrogatories. The Court grants plaintiff 13 additional interrogatories

in connection with Hornaday's deposition,[1] and 8 interrogatories related to Bontrager's deposition. The additional interrogatories granted in this order shall not count against plaintiff's interrogatory limit.[2] The Court makes no ruling at this time on plaintiff's request to limit the scope of defendant's evidence at trial. Plaintiff may renew this request in connection with a motion for summary judgment or at the time of trial.

**2.     Document production**

The Court finds that plaintiff is entitled to some monetary sanctions arising out of defendant's document production. It is undisputed that the first two productions were essentially unusable, and that as a result, plaintiff's law firm wasted a considerable amount of time attempting to organize the electronic documents. It was the responsibility of defense counsel to ensure that the document production complied with Rule 34(b)(i), and to oversee the work of defendant's document management company.

Accordingly, pursuant to 28 U.S.C. § 1927, the Court will grant plaintiff's request for reimbursement of payments for paralegal time spent between January 11 and February 12, 2007, which is the time spent on the second production. In order to meaningfully assess plaintiff's claim for fees, the Court directs plaintiff to submit a supplemental declaration detailing the paralegal hours spent and the rates sought.

**CONCLUSION**

For the foregoing reasons, the Court hereby GRANTS plaintiff the option of propounding 21 additional Rule 33 interrogatories. By **August 13, 2007**, plaintiff shall submit a supplemental declaration documenting the paralegal time and rates associated with the second document production.

---

[1] Plaintiff asserts that Hornaday was unable to meaningfully testify regarding 15 of the 33 subjects for which he was designated. However, defendant improperly designated Hornaday for two subjects, and ultimately offered Bontrager on those subjects.

[2] Defendant suggests that it might be willing to produce a former employee (Utz) as a witness, and be bound by his testimony. The Court expresses no view on this possibility, but encourages the parties to meet and confer on whether such discovery could be utilized in lieu of, or in combination with, the additional interrogatories granted in this order.

1  The Court DENIES both parties' requests for costs associated with this motion.  [Docket No. 56].

3  **IT IS SO ORDERED.**

5  Dated: August 6, 2007

SUSAN ILLSTON
United States District Judge