1  SEYFARTH SHAW LLP
   Michael T. McKeeman (SBN 173662) mmckeeman@seyfarth.com
2  Giovanna A. Ferrari (SBN 229871) gferrari@seyfarth.com
   560 Mission Street, Suite 3100
3  San Francisco, California 94105
   Telephone: (415) 397-2823
4  Facsimile: (415) 397-8549

5  Attorneys for Defendant, Counterclaimant and Third-Party Plaintiff
   THE WEITZ COMPANY, LLC, THE WEITZ COMPANY, INC.
6  and THE WEITZ COMPANY I, INC.

9                    UNITED STATES DISTRICT COURT

10                  NORTHERN DISTRICT OF CALIFORNIA

11 | RAFAEL TOWN CENTER INVESTORS,        ) Case No. C 06 06633 SI
    LLC, a Delaware limited liability company, )
12 |                                       ) **STIPULATED [PROPOSED]**
                 Plaintiff,                ) **AMENDED PROTECTIVE ORDER**
13 |                                       )
           v.                              )
14 |                                       )
    THE WEITZ COMPANY, LLC, a limited     )
15  liability company and successor to THE WEITZ )
    COMPANY, INC., an Iowa corporation; and )
16  DOES 1 through 50, inclusive,         )
                                          )
17              Defendants.               )
                                          )
18 |——————————————————————————           )
    RELATED COUNTERACTION                 )
19 |                                       )
    ——————————————————————————            )
20  THE WEITZ COMPANY I, INC., an Iowa    )
    corporation,                           )
21                                         )
              Third-Party Plaintiff,      )
22                                         )
           v.                              )
23                                         )
    HANSON GLASS & MIRROR CO., a          )
24  California corporation; FITCH PLASTERING )
    CORPORATION OF CALIFORNIA, a         )
25  California corporation; DANIEL        )
    MACDONALD AIA ARCHITECTS, a          )
26  California corporation; and Moes 1-50, )
    inclusive,                             )
27                                         )
              Third-Party Defendants.    )
28 |——————————————————————————           )

Case 3:06-cv-06633-SI   Document 112   Filed 09/25/2007   Page 2 of 13

Good cause appearing therefore, the Parties and their respective counsel shall follow the procedures set forth below.

1. <u>Definitions</u>. When used in this Protective Order ("Protective Order"), the words set forth below shall have the following meanings:

    a. "Documents" includes, but is not limited to, all papers, photographs, films, recordings, memoranda, books, records, accounts, communications and all retrieveable information in computer storage, including that which has been Disclosed in discovery in this Litigation by any person or entity, whether pursuant to formal discovery requests for by agreement.

    b. "Discovery Materials" means (i) Documents; (ii) deposition testimony taken in this action, exhibits thereto, and transcripts thereof, whether in writing or on audiotape, videotape or computer disk; (iii) answers to interrogatories, responses to requests to admit, and responses to requests for documents served or filed in this Litigation; and (iv) any other discovery materials Disclosed either by a party or non-party.

    c. "Disclose" or "Disclosure" means to produce, reveal m divulge, give, or make available Discovery Materials, or any part thereof, or any information contained therein.

    d. "Confidential Information" means any Discovery Materials designated as "Confidential" pursuant to Paragraphs 3, 4, 5, or 6 below.

    e. "Producing Party" means the person or entity Disclosing Discovery Materials, its affiliates, and persons and/or entities who are non-parties to this Litigation.

    f. "Non-Producing Party" means any Party other than the Producing Party.

    g. "Litigation" means the case entitled Rafael Town Center Investors, LLC, a Delaware Limited Liability Company v. The Weitz Company, LLC, a Limited Liability Company and successor to The Weitz Company, an Iowa Corporation, United States District Court, Northern District of California, Case No. C 06 6633 SI and all counterclaims, third party claims in Case No. C 06 6633 SI, and subsequent appeals and retrials.

    h. "Party," as used alone and not pursuant to 1(e) or 1(f) above, means Rafael Town Center Investors, LLC, including its affiliates, officers, directors, agents and

1  employees, The Weitz Company, LLC, including its affiliates, officers, directors, agents and
2  employees, The Weitz Company, Inc., including its affiliates, officers, directors, agents and
3  employees, The Weitz Company I, Inc., including its affiliates, officers, directors, agents and
4  employees, Hanson Glass & Mirror Co., including its affiliates, officers, directors, agents and
5  employees, Daniel MacDonald AIA Architects, including its affiliates, officers, directors, agents
6  and employees, and Fitch Plastering Corporation of California, including its affiliates, officers,
7  directors, agents and employees.

8         i.      "Signatory" means any person or entity who signs Exhibit A to this
9  Protective Order.

10      2.    Use of Discovery Materials and Confidential Information. Discovery Materials
11  shall be used solely for the purpose of this Litigation. Except by order of the Court, Discovery
12  Materials shall not be used by any Party or non-party, other than the Producing Party, for any
13  other purpose, including, without limitation, any business or commercial purpose. Confidential
14  Information shall be used only for the purpose of this Litigation, and may be disclosed only as
15  provided in Paragraph 8 below.

16      3.    Confidential Information. Any Producing Party may designate any Discovery
17  Materials "Confidential" if such Producing Party reasonably and in good faith believes that such
18  Discovery Materials contain (a) trade secret information, as that term has been defined under the
19  applicable statutes and case law, or: (b) other proprietary information that would ordinarily be
20  protected from disclosure as confidential under California law, including information involving
21  confidential matters related to the business operations of a Producing or Non-Producing Party of
22  which: public revelation of these matters would interfere with a Producing or Non-Producing
23  Party's ability to effectively compete in the marketplace; if made available to the public, there is
24  a substantial probability that revelation of the Discovery Materials would prejudice the foregoing
25  legitimate interests of a Producing or Non-Producing Party; that the designation is narrowly
26  tailored; and, other than designating the materials "Confidential," no less restrictive means exist
27  to protect a Producing or Non-Producing Party's legitimate proprietary interest. "Confidential"
28  Discovery Materials may include, without limitation, any budgets, operating methods or

1  procedures, financial models, rent models, bids, contracts with third parties, compensation
2  structures, and/or financial results. Discovery Materials designated as "Confidential" shall not be
3  Disclosed to any person or entity except in accordance with the terms, conditions, and
4  restrictions of this Protective Order, as further detailed in Paragraph 7(b) below.
5       4.   "Confidential" Information Produced By Another Person. During the first thirty
6  (30) business days after Disclosure, all Disclosed Discovery Materials shall be treated as
7  "Confidential," pending consideration by the Non-Producing Parties whether to designate such
8  materials as "Confidential" pursuant to Paragraph 6(b) below. Any Non-Producing Party may
9  designate any Discovery Materials as "Confidential" if such Non-Producing Party in good faith
10 believes that such Discovery Materials contain confidential, proprietary or commercially
11 sensitive information.
12      5.   Procedure for Designating Written Discovery Materials "Confidential." To
13 designate Discovery Materials as "Confidential," the designating Party shall use the following
14 procedures:
15           a.   To designate Discovery Materials as "Confidential," a Producing Party
16 shall, in the case of a document, mark each page of such document with the legend
17 "CONFIDENTIAL"; shall, in the case of a response to an interrogatory or request to admit state
18 such legend in the text of the designated response and shall state on the caption or face page of
19 such response that "THIS DOCUMENT CONTAINS MATERIALS DESIGNATED
20 CONFIDENTIAL"; or shall, in the case of deposition testimony, use the procedures provided in
21 Paragraph 7 below.
22           b.   To designate Discovery Materials as "Confidential," a Non-Producing
23 Party must designate such materials as "Confidential" in writing to counsel of record for all
24 Parties and to the Producing Party, within thirty (30) business days of the Disclosure of the
25 Discovery Materials. Such writing shall, in the case of documents produced in discovery,
26 identify by Bates number the materials to be designated as "Confidential"; and shall, in the case
27 of a response to an interrogatory or request to admit, identify the response document by title and
28 the specific response to be designated.

1  6.  <u>Procedure for Designating Deposition Testimony</u>. With respect to deposition testimony, counsel for any Party or Signatory shall designate that portion of the testimony relating to Confidential Information at the time it is given, by so stating on the record. When testimony is designated during a deposition, any person attending the deposition who is not among those to whom Confidential Information may be Disclosed under the terms of this Protective Order shall leave the deposition room during the designated testimony. If deposition testimony is designated as Confidential Information, the court reporter shall mark each page of the transcript containing Confidential Information with the legend "CONFIDENTIAL" as per the designation stated on the record.

Case 3:06-cv-06633-SI   Document 112   Filed 09/25/2007   Page 5 of 13

7.  <u>Disclosure of Confidential Information</u>. Confidential Information may be Disclosed to the following persons:

 a.  Experts and consultants not in the regular employ of any of the Parties who are retained or consulted by counsel of record for any Party concerning the Preparation and trial of this Litigation, and the employees of any such expert or consultant who are assisting in the work for which the expert or consultant is engaged, provided that said experts or consultants execute a copy of the Affidavit attached hereto as Exhibit A;

 b.  Counsel of record for any Party;

 c.  Paralegal, secretarial, and clerical employees of counsel of record for any Party who are assisting Counsel, Court Reporters or other persons involved in recording or transcribing testimony in this Litigation, and the Court or any persons employed by the Court whose duties require access to any Confidential Information filed in connection with this Litigation, as set forth in Paragraph 10 below;

 d.  Copy or data management services retained to handle or reproduce Confidential Information in the Litigation;

 e.  Any witness or any person who in good faith may be considered a potential witness in this Litigation, provided that said witness or potential witness executes a copy of the Affidavit attached hereto as Exhibit A;

1  f. The Party who has sought discovery of the Confidential Information, and
2 its partners, directors, officers, employees, and insurers, provided that the Party and its partners,
3 directors, officers, employees, and insurers to whom the Confidential Information is Disclosed
4 26 have executed copies of the Affidavit attached hereto as Exhibit A.

5  8. <u>Treatment of Confidential Information.</u> A person or entity to whom Confidential
6 Information is Disclosed: (i) shall protect its confidential nature both during the pendency of this
7 Litigation and after its conclusion by final judgment or settlement; (ii) shall never Disclose any
8 Confidential Information to any person other than the persons to whom Disclosure is permitted
9 by this Protective Order; (iii) shall never use any Confidential Information for the benefit of
10 himself or herself, a Non-Producing Party, or anyone else, except for the purpose of this
11 Litigation; and (iv) shall maintain Confidential Information in a secure place where unauthorized
12 Disclosure cannot reasonably be expected to occur. The Parties shall provide each sworn
13 Affidavit executed by such persons to the Court upon its direction. Counsel of record in this
14 Litigation are responsible for employing reasonable measures to control, consistent with this
15 Protective Order, duplication of, access to, and distribution of the Confidential Information.

16  9. <u>Motions to Seal Confidential Information Filed With the Court.</u> This Protective
17 Order shall not preclude the Disclosure of Confidential Information to the Court having
18 jurisdiction over the Litigation, including the trier of fact at the time of trial or court hearing in
19 this action. To the extent that any Confidential Information is filed or otherwise presented in
20 Court, it shall be pursuant to Civil Local Rule 79-5.

21  10. <u>Disposition of Confidential Information After Termination.</u> Upon the final
22 termination of this Litigation in any manner, including, but not limited to, a final judgment or
23 settlement, or, in the case of an appeal, the date when all appeals are resolved, each Party and
24 each Signatory shall ensure that all Discovery Materials containing Confidential Information
25 provided by a Producing Party to a Non-Producing Party, including notes, summaries, extracts or
26 other memoranda or writings regarding the contents of any and all Confidential Information,
27 shall be promptly destroyed or returned to the Producing Party, provided, however, that this
28 obligation shall not extend to Confidential Information included in conformed copies of

1   materials filed with the Court. Each Party and each Signatory shall confirm such destruction or

2   disposition in writing within thirty (30) days after termination of the Litigation.

3       11.    <u>No Waiver/No Admission.</u> The failure of a Producing Party to designate any

4   Discovery Material as Confidential Information does not constitute a waiver of such claim. A

5   Producing Party may designate Discovery Material as Confidential Information after the

6   Discovery Material has been Disclosed, with the effect that such Discovery Material is subject to

7   the protections of this Protective Order on and after the date of its designation as Confidential

8   Information. Moreover, complying with the terms of this Protective Order and/or Disclosing or

9   receiving Confidential Information shall not:

10      a.    Operate as an admission that any Confidential Information contains or

11  reflects trade secrets or any other type of confidential information;

12      b.    Prejudice in any way the rights of a Party or Signatory to object to any

13  discovery request or subpoena; or

14      c.    Prejudice in any way the rights of a Party or Signatory to seek a

15  determination by the Court whether any Confidential Information has been properly designated

16  and should be subject to the terms of this Protective Order.

17      12.    <u>Procedure to Challenge "Confidentiality" Designation.</u> A Party receiving

18  documents marked "Confidential" may object to the confidentiality designations at any time

19  prior to thirty (30) days before trial, a period of twenty (20) days will follow thereafter during

20  which time the Parties must "meet and confer" and attempt to resolve the objection and/or

21  objections. If the "meet and confer" process fails to produce agreement on whether or not the

22  documents were appropriately designated "Confidential," the Party seeking confidentiality must

23  then seek an order from the Court regarding the appropriateness of the confidentiality

24  designation, during which time the Discovery Materials will remain "Confidential." Any

25  application to the Court seeking to preserve a Party's designation of "Confidential" documents

26  must be filed and served within twenty (20) days from the expiration of the "meet and confer"

27  period and must be diligently pursued, or the application will be denied as untimely. The Party

28  asserting confidentiality will bear the burden to show that the documents or other information

1 fall within the definition of "Confidential." The Court, if called upon to determine the
2 appropriateness of a confidentiality designation, may be guided by standards for sealing court
3 records as set forth in Civil Local Rule 79.5 and judicial interpretations of that rule, as well as
4 other applicable law, including that concerning trade secrets, proprietary and other private or
5 confidential information.

6     13.     <u>Modification of This Protective Order</u>. This Protective Order shall continue to be
7 binding after the conclusion of this Litigation, except that a Party or Signatory may seek a
8 stipulation by all parties hereto or an order of the Court with respect to dissolution or
9 modification of this Protective Order. The Court shall retain jurisdiction to enforce or modify
10 this Protective Order.

11     14.     <u>Compelled Disclosure of Confidential Information</u>. In the event any Party or
12 Signatory is served with a subpoena or request for production of Confidential Information, the
13 Party or Signatory shall give sufficient notice to the Producing Party to allow the Producing
14 Party a reasonable opportunity to intervene to oppose such production. In no event shall a Party
15 or Signatory Disclose Confidential Information in response to a subpoena or other discovery
16 request unless and until the Party or Signatory has: (i) received written authorization from
17 counsel for the Producing Party to Disclose the Confidential Information; or (ii) been ordered to
18 do so by a court of competent jurisdiction.

19     15.     Nothing in this Protective Order shall prevent any party from disclosing its own
20 Confidential Information as it deems appropriate.

21     SO STIPULATED:

22
23 DATED: Sept. 25, 2007                           SEYFARTH SHAW LLP
24                                             By _____
25                                                Giovanna A. Ferrari
26                                                Attorneys for Defendant, Counterclaimant
                                                  and Third Party Plaintiff
27                                                THE WEITZ COMPANY, LLC, THE
                                                  WEITZ COMPANY, INC. AND THE
28                                                WEITZ COMPANY I, INC.

```
 1  DATED: ~~June~~ September 4, 2007        COBLENTZ, PATCH, DUFFY & BASS LLP

 3                                           By _____
                                                Richard R. Patch
 4                                           Attorneys for Plaintiff and Cross-Defendant
                                             RAFAEL TOWN CENTER INVESTORS

 5  DATED: June ____, 2007                   GORDON & REES LLP

 7                                           By _____
                                                Aristotle E. Evia
 8                                           Attorneys for Third-Party Defendant
                                             DANIEL MACDONALD AIA
 9                                           ARCHITECTS

10  DATED: June ____, 2007                   FORTUNE, DREVLOW, O'SULLIVAN &
                                             HUDSON
11

12                                           By _____
                                                John J. Wasinda
13                                           Attorneys for Third-Party Defendant
                                             HANSON GLASS & MIRROR CO.
14
    DATED: June ____, 2007                   HURLEY & ASSOCIATES
15

16                                           By _____
                                                John A. Hurley
17                                           Attorneys for Third-Party Defendant
                                             FITCH PLASTERING CORPORATION
18                                           OF CALIFORNIA

19

20       SO ORDERED.                         [signature: Susan Illston]

21  Dated: _____, 2007          _____
                                             United States District Court Judge
22
```

| | | |
|---|---|---|
| 1 | DATED: June _____, 2007 | COBLENTZ, PATCH, DUFFY & BASS LLP |
| 2 | | |
| 3 | | By_____ |
| 4 | | Richard R. Patch<br>Attorneys for Plaintiff and Cross-Defendant<br>RAFAEL TOWN CENTER INVESTORS |
| 5 | DATED: June 8, 2007 | GORDON & REES LLP |
| 6 | | |
| 7 | | By_/s/ Aristotle E._____ |
| 8 | | Aristotle E. Evia<br>Attorneys for Third-Party Defendant<br>DANIEL MACDONALD AIA ARCHITECTS |
| 9 | | |
| 10 | DATED: June _____, 2007 | FORTUNE, DREVLOW, O'SULLIVAN & HUDSON |
| 11 | | |
| 12 | | By_____ |
| 13 | | John J. Wasinda<br>Attorneys for Third-Party Defendant<br>HANSON GLASS & MIRROR CO. |
| 14 | DATED: June _____, 2007 | HURLEY & ASSOCIATES |
| 15 | | |
| 16 | | By_____ |
| 17 | | John A. Hurley<br>Attorneys for Third-Party Defendant<br>FITCH PLASTERING CORPORATION OF CALIFORNIA |
| 18 | | |
| 19 | | |
| 20 | SO ORDERED. | |
| 21 | Dated:_____, 2007 | _____<br>United States District Court Judge |

| | |
|---|---|
| 1  DATED: June _____, 2007 | COBLENTZ, PATCH, DUFFY & BASS LLP |
| 2 | |
| 3 | By_____ |
| 4 | Richard R. Patch<br>Attorneys for Plaintiff and Cross-Defendant<br>RAFAEL TOWN CENTER INVESTORS |
| 5  DATED: June _____, 2007 | GORDON & REES LLP |

Case 3:06-cv-06633-SI   Document 112   Filed 09/25/2007   Page 11 of 13

| | |
|---|---|
| 7 | By_____ |
| 8 | Aristotle E. Evia<br>Attorneys for Third- Party Defendant<br>DANIEL MACDONALD AIA<br>ARCHITECTS |
| 9 | |
| 10  DATED: ~~June~~ Sept. 25 _____, 2007 | FORTUNE, DREVLOW, O'SULLIVAN & HUDSON |
| 11 | |
| 12 | By_____ |
| 13 | John J. Wasinda<br>Attorneys for Third- Party Defendant<br>HANSON GLASS & MIRROR CO. |
| 14  DATED: June _____, 2007 | HURLEY & ASSOCIATES |
| 15 | |
| 16 | By_____ |
| 17 | John A. Hurley<br>Attorneys for Third- Party Defendant<br>FITCH PLASTERING CORPORATION<br>OF CALIFORNIA |
| 18 | |
| 19 | |
| 20  SO ORDERED. | |
| 21  Dated:_____, 2007 | _____<br>United States District Court Judge |

9

Stipulated [Proposed] Amended Protective Order / Case No. C 06 06633 SI

```
 1  DATED: June _____, 2007              COBLENTZ, PATCH, DUFFY & BASS
                                         LLP
 2

 3                                       By_____
                                            Richard R. Patch
 4                                       Attorneys for Plaintiff and Cross-Defendant
                                         RAFAEL TOWN CENTER INVESTORS
 5
     DATED: June _____, 2007             GORDON & REES LLP
 6

 7                                       By_____
                                            Aristotle E. Evia
 8                                       Attorneys for Third- Party Defendant
                                         DANIEL MACDONALD AIA
 9                                       ARCHITECTS

10   DATED: June _____, 2007             FORTUNE, DREVLOW, O'SULLIVAN &
                                         HUDSON
11

12                                       By_____
                                            John J. Wasinda
13                                       Attorneys for Third- Party Defendant
                                         HANSON GLASS & MIRROR CO.
14
     DATED: Sept 7, 2007                 HURLEY & ASSOCIATES
15                                       JACOBSEN & McELROY

16                                       By W. Stuart Home, III
                                            John A. Hurley W. STUART HOME, III
17                                       Attorneys for Third- Party Defendant
                                         FITCH PLASTERING CORPORATION
18                                       OF CALIFORNIA

19
          SO ORDERED.
20
     Dated:_____, 2007
21                                       _____
                                         United States District Court Judge
22

23

24

25

26

27

28
                                         9
```

Case 3:06-cv-06633-SI   Document 112   Filed 09/25/2007   Page 12 of 13

# ATTACHMENT A

## NONDISCLOSURE STATEMENT

I, _____, declare that I have read the Stipulated Protective Order in the action entitled Rafael Town Center Investors, LLC v. The Weitz Company, LLC (and all counterclaims and third-party claims associated with the entitled action), Case No. C 06 6633 SI, pending in the United States District Court, Northern District of California, and hereby agree to comply with and be bound by its terms and conditions. I hereby consent to the jurisdiction of said Court for purposes of enforcing this Order.

Dated:_____    Signed:_____

Case 3:06-cv-06633-SI   Document 112   Filed 09/25/2007   Page 13 of 13

SF1 28286261.1